**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HOZAY ROYAL, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 09-3151 (RBK) |
| v. | : |  |
| UNITED STATES, | : | **OPINION** |
| Respondent. | : |  |

**APPEARANCES:**

    HOZAY ROYAL, #58531-066
    F.C.I. Fort Dix
    P.O. Box 2000 East
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**KUGLER,** District Judge

Hozay Royal, a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the duration of the sentence imposed in 2005 by the United States District Court for the Eastern District of Pennsylvania. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND**

Petitioner challenges the duration of a 41-month term of imprisonment imposed for use of an unauthorized access device

with intent to defraud imposed on December 21, 2005, by Judge Lawrence F. Stengel in United States v. Royal, Crim. No. 04-0540 (LS) judgm. (E.D. Pa. Dec. 21, 2005). Petitioner asserts that his sentence should be reduced by four months pursuant to United States v. Kennedy, 554 F. 3d 415 (3d Cir. 2009), which construed § 2B1.1(b)(2) of the Sentencing Guidelines. Petitioner maintains that he is entitled to relief under § 2241 because 28 U.S.C. § 2255 is an inadequate and ineffective remedy.

The docket in Petitioner's criminal case shows that on December 21, 2005, Judge Stengel sentenced Petitioner to a 41-month term of imprisonment after he pled guilty to use of an unauthorized access device with intent to defraud. On February 21, 2007, Petitioner's appeal was dismissed by the Third Circuit based on waiver of appeal rights in the plea agreement. On May 26, 2009, relying on Kennedy, Petitioner filed a pro se motion to correct the sentence. Judge Stengel denied the motion by Order filed May 27, 2009. On June 15, 2009, Petitioner filed a motion to alter or amend the judgment of conviction, again relying on Kennedy, which is pending.

Petitioner, who is now confined at FCI Fort Dix, filed the § 2241 Petition presently before this Court on June 29, 2009. Petitioner asserts that, pursuant to the Third Circuit's 2009 ruling in the Kennedy case, the four-point sentencing enhancement imposed pursuant to § 2B1.1(b)(2)(B) of the Sentencing Guidelines

2

is not warranted.  Petitioner maintains that § 2255 is an inadequate and ineffective remedy for his <u>Kennedy</u> claim because he had no opportunity to raise the claim under § 2255.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  <u>See</u> 28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343-44 (1974); <u>United States v. Hayman</u>, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

>           sentence to vacate, set aside or correct the
>           sentence.

28 U.S.C. § 2255(a).

A one-year period of limitation applies to a § 2255 motion. See 28 U.S.C. § 2255(f). The limitation period runs from the latest of (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Id. In addition, § 2255 prohibits a second or successive motion under § 2255 unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See 28 U.S.C. §§ 2255(h), 2244(b).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.

4

See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."[1] See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2] The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See Bousley v. United States, 523 U.S. 614 (1998).

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[3]

Here, Petitioner argues that his 2005 sentencing enhancement pursuant to § 2B1.1(b)(2)(B) of the Sentencing Guidelines is illegal under the Third Circuit's 2009 holding in Kennedy. Because Petitioner's challenge to the duration of his sentence is within the scope of claims that are cognizable under § 2255, and because Judge Stengel in fact denied Petitioner's motion for a sentence reduction based on Kennedy, this Court lacks jurisdiction under § 2241 to entertain Petitioner's claim unless § 2255 is inadequate or ineffective for him to raise it.

Although Kennedy was not decided until after the one-year statute of limitations under § 2255 expired, it does not follow

---

[3] Several courts of appeals have adopted similar tests. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

that § 2255 is an inadequate or ineffective procedural mechanism for this claim.  Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  In re Cradle, 290 F.3d at 539.  Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Kennedy challenge, even where he had no earlier opportunity to raise the claim because Kennedy was not decided until after the one year statute of limitations expired under § 2255 because Kennedy does not render the conduct for which Petitioner was convicted non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); DeJesus Hernandez v. Martinez, 2009 WL 1204549 (3d Cir. May 5, 2009) (section 2255 is not inadequate or ineffective to raise challenge to sentence under Supreme Court's decision interpreting sentencing guidelines because decision does not render conduct non-criminal); Fredericks v. Williamson, 185 Fed. App'x 195 (3d Cir. 2006) (section 2255 provided adequate and effective relief for petitioner to challenge sentence under

Sentencing Guidelines); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument"). Because Kennedy did not render use of an unauthorized access device with intent to defraud non-criminal, § 2255 is not an inadequate or ineffective remedy for Petitioner to raise his sentence challenge pursuant to Kennedy. Id. This Court accordingly lacks jurisdiction to entertain the claim under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                         s/Robert B. Kugler
                                         **ROBERT B. KUGLER, U.S.D.J.**


Dated:   July 6,  2009